
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN JESUS ALCANTARA,

                Petitioner - Appellant,

    v.

L. S. MCEWEN, Warden,

                Respondent - Appellee.

No. 12-56698

D.C. No. 2:11-cv-04703-ODW-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted November 21, 2014
Pasadena, California

Before: KLEINFELD and PAEZ, Circuit Judges, and CHRISTENSEN, Chief
District Judge.[**]

    Alcantara first argues in this § 2254 habeas appeal that his due process rights

were violated because of a twenty-two year delay between the murder and his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

arrest. The pertinent Supreme Court precedent is United States v. Lovasco, 431 U.S. 783 (1977). Lovasco involved an eighteen month delay between the crime and the indictment. Id. at 784. The Supreme Court held that the government's delay was not so "fundamentally unfair" as to offend due process. Id. at 796.

The Court held in Lovasco that the Sixth Amendment is irrelevant for pre-indictment delay analysis. Id. at 788. The statute of limitations is the primary protection against stale charges, Id. at 789, and, of course, it did not ban this murder indictment. The Due Process Clause nevertheless "has a limited role to play." Id. Even actual prejudice does not necessarily establish a due process violation. Id. at 789–90. Deferring indictment until the prosecutor has probable cause and until the prosecutor is satisfied that he can prove guilt beyond a reasonable doubt justifies delay. Id. at 791–92. That justifies the delay here. And under Lovasco, the prosecutor may delay further for various necessary, subjective reasons so long as the delay is not "solely to gain tactical advantage over the accused." Id. at 795 (internal quotation marks and citation omitted). The record here supports no such inference.

Because this is a § 2254 habeas appeal, only Supreme Court holdings can establish a right to have the petition granted. But Ninth Circuit pre-indictment

delay precedent would also be of no help to petitioner.  See, e.g., Mays v. Coltrane, 549 F.2d 670 (9th Cir. 1977).

Here, Alcantara has not shown actual prejudice.  The instances of prejudice Alcantara points to are speculative at best.  For example, it is not clear that Davis would have testified at all, since he might well have exercised his Fifth Amendment right to remain silent.  Nor is there any indication that Davis's testimony would have exonerated Alcantara.  Davis's statement to the police does not account for Alcantara's whereabouts when he went off the morning of the murder with Bennett, the victim.  And Davis's statement to the police was read into the record for the jury to consider.  The other instances of alleged prejudice Alcantara cites are even more speculative.  Alcantara complains that the destruction of the blood sample from the crime scene kept him from getting to test the blood to see if it really belonged to Bennett, but he offers no reason to doubt that it did.

Alcantara argues, basically, that if the government had investigated more vigorously, they could have caught him sooner.  But there is no Supreme Court holding that failing promptly to turn over this or that rock makes pre-indictment delay a due process violation.  Nor does the record establish a factual predicate for

any contention that a weak investigation deprived Alcantara of a speedier indictment. At the time of the murder, the government interviewed numerous witnesses and targeted Alcantara as the prime suspect. But his guilt could not be established beyond a reasonable doubt then. The record also indicates that at the time of the initial investigation the government made a good faith determination that there was insufficient evidence to charge Alcantara with the murder. The body of Bennett, his victim, was never located and witnesses were reluctant to talk. Only in 2004 did investigators get the break they needed, when Al Hatten told investigators that Alcantara had told him that he had murdered Bennett.

In addition, Alcantara argues that his due process rights were violated when the trial court improperly admitted evidence regarding his workplace behavior that prejudiced him. The admitted evidence was relevant because his outrageous conduct at work explained why many of Alcantara's co-workers were scared to come forward. The California Court of Appeal's ruling that admission of the evidence was not a due process violation was not an unreasonable application of United States Supreme Court precedent.

Alcantara's final argument is that the trial court improperly admitted the preliminary hearing testimony of Al Hatten, who could not testify when the case

went to trial because of health problems.  Alcantara argues that use of Hatten's prior testimony violated his constitutional right to confront and cross-examine his accusers.  Alcantara had an opportunity to cross-examine Hatten at the preliminary hearing, satisfying his right to confrontation and cross-examination.

**AFFIRMED.**